ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By: CHARLES TRULLINGER (018936)
    SHERLE FLAGGMAN (019079)
    Deputy County Attorneys
    trullinc@mcao.maricopa.gov
    flaggmas@mcao.maricopa.gov

CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone (602) 506-8541
Facsimile (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Yearick, individually, as Personal Representative of the Estate of Edward Rudhman and on behalf of Leigha Huber, statutory beneficiary, | NO. CV20-0545-PHX-SPL |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF 12(B)(6) MOTION TO DISMISS MARICOPA COUNTY** |
| v. | |
| Maricopa County, a public entity; Sergeant Robert Leatham and Kristy Leatham, husband and wife; Sergeant Ryan Kelleher, an unmarried individual; and Deputy Philip Asiedu and Morcelia Asiedu, husband and wife. | |
| Defendants. | |

Defendants' Maricopa County, Leathams, Kelleher, and Asiedus hereby reply to

Plaintiffs' Response to Defendants' 12(B)(6) Motion to Dismiss Maricopa County, as

follows:

Plaintiff's theme throughout their response is that if Maricopa County cannot be sued for the negligence of a Sheriff's deputy then people who are injured by a deputy have no recourse. This theme is not only inaccurate but misleading. The Sheriff of Maricopa County is the obvious defendant to sue for *respondeat superior* liability of the Sheriff's deputy. In fact, Defendants offered to allow Plaintiffs to substitute Sheriff Penzone in place of Maricopa County. Plaintiffs refused, thereby requiring Defendants to file the present motion which allows the Plaintiffs to manufacture a basis for challenging the *Fridena* case. In short, Plaintiffs oppose the motion to dismiss not because they have no other recourse but merely because they hope to manufacture a forum to change existing law.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Federal courts with diversity jurisdiction must apply the law of the state.  The Arizona law is well established and there is no convincing evidence that the Arizona Supreme Court would change it.**

Since 1938 it has been the law of the land that in federal diversity cases "Except for matters governed by the federal constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, (1938). And when the highest court in the state has not decided an issue, the law of intermediate appellate courts will prevail, absent "convincing evidence" that the state's supreme court would likely not follow the appellate court decision.

> [W]hen(1) a federal court is required to apply state law, and (2) there is no relevant precedent from the state's highest court, but (3) there is relevant precedent from the state's intermediate

> appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it.

*Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

*Fridena v. Maricopa County*, 18 Ariz. App. 527, 531, 504 P.2d 58, 61 (1972) was decided forty-seven years ago and has been relied upon as controlling authority in Arizona ever since. See, e.g ., *Yamamoto v. Santa Cruz Cty. Bd. Of Sup'rs*, 124 Ariz. 538, 540, 606 P.2d 28 (Ct. App. 1979); *Hernandez v. Maricopa Cty.*, 138 Ariz. 143, 146, 673 P.2d 341 (Ct. App. 1983); and *Span v. Maricopa Cty. Treasurer*, 246 Ariz. 222, 225, 437 P.3d 881, 884 (Ct. App. 2019), *review denied* (Nov. 19, 2019).

And despite the personal doubt about the correctness of *Fridena* expressed by Judge Wake in the oral argument transcript Plaintiffs attached to their response, one federal judge's opinion is not controlling on another federal judge. "The opinions of other federal judges on a question of state law do not constitute 'convincing evidence that the state supreme court would decide [an issue] differently'" *Ryman*, 505 F.3d at 995, fn. 1 (citing *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001). Clearly, "convincing evidence" must come from other state court appellate decisions. It also needs to be said that in Judge Wake's ruling on the motion that was pending before the court, he was critical of raising a motion that does nothing but waste time and cost attorney fees: "Plaintiffs have all sued proper defendants for recovery of county funds on the state law claims—the Sheriff and the former County Attorney—so it will achieve nothing but run up attorney fees for them to fight over whether they may also sue the County." *Donahoe v. Arpaio*, No. CV10-2756-PHX-NVW, 2011 WL 5119008, at *7 (D. Ariz. Oct. 28, 2011).

So, while Judge Wake may be critical of the *Fridena* opinion, he would likely also be critical of Plaintiffs manufacturing the present issue when Defendants had offered to substitute Sheriff Penzone in place of Maricopa County, making the time spent by the parties and the court on this issue completely unnecessary.

Finally, other federal judges have applied *Fridena* as the law of the case in Arizona. *See*, e.g. *Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2015 WL 13759956, at *6 (D. Ariz. Nov. 20, 2015); *Kloberdanz v. Arpaio*, No. 2:13-CV-02182 JWS, 2014 WL 309078, at *4 (D. Ariz. Jan. 28, 2014); *Nevels v. Maricopa Cty.*, No. CV11-2466-PHX-JAT, 2012 WL 1623217, at *4 (D. Ariz. May 9, 2012); *and Wilson v. Pima Cty.*, No. CV-04-502-TUC-JM, 2006 WL 8440433, at *5 (D. Ariz. May 31, 2006).

In summary, the *Fridena* case is controlling law in Arizona. None of Plaintiffs' arguments for overturning it are relevant because nowhere in the response do Plaintiffs cite Arizona cases that question the continued applicability of *Fridena*. Instead, all of Plaintiffs' arguments relate to why they personally don't agree with the law. But the only legal basis for this Court to overturn *Fridena* is if it finds "convincing evidence" that the Supreme Court of Arizona (not the Plaintiffs) would overturn *Fridena* if the issue was before it. However, so as not to waive the opportunity, Defendants will respond to Plaintiffs' arguments.

## II.    The Actions Against Public Entities or Public Employees statute is not relevant for determining whether a sheriff's deputy is an employee of the county.

Plaintiffs' response first argues that the broad definition of "employee" within the Actions Against Public Entities or Public Employees Statute (A.R.S. § 12-820 – 826) infers that a Sheriff's deputy is an employee of the County. The logic goes that because employees

can be officers (in the company/entity sense), and because the Sheriff is an officer of the County, and because a deputy is an extension of the Sheriff, then a deputy is an employee of the County. Plaintiffs' response does not cite to a single case or a subsection of the referenced statute that confirms Plaintiff's assertion.

It is unnecessary to use tortured logic to try and reach a conclusion that applicable statutes and case law have already answered. "The sheriff's deputies are employees of the sheriff who are hired by the sheriff." *Kloberdanz, infra* at *4 (citing A.R.S. §11-409); "Sheriff's Deputies and Detention Officers are hired and trained by the Sheriff. A.R.S. §11-409. Maricopa County does not have the authority to control or fire Sheriff's Deputies or Detention Officers." *Nevels, infra* at *4. *Accord*, *Hounshell v. White*, 220 Ariz. 1, 6, 202 P.3d 466, 471 (Ct. App. 2008).

### III.   The *Fridena* holding applies to all cases where the government officer's duties are prescribed by law.

Plaintiffs' response also argues that *Fridena* should be limited to cases where a Sheriff's deputy is acting as a judicial officer rather than an executive officer because the only time the County Board of Supervisors does not have control over the Sheriff is when the Sheriff is performing judicial functions—in which case the separation of powers doctrine requires that one branch of government not have control over another.

Plaintiffs' argument is contrary to the *Fridena* case itself, which is very clear in what it means. Thus, Plaintiffs' argument is either a misunderstanding of the *Fridena* Court's holding or, more likely, an attempt to re-write the Court's holding to fit Plaintiffs' desired interpretation.

Let's start with a look at what the case says.  The Court recognized that the County

exercises some supervision of all county officers by virtue of A.R.S. § 11-251(1). *Fridena v. Maricopa Cty.*, 18 Ariz. App. 527, 530, 504 P.2d 58, 61 (1972). Then the Court goes on to explain:

> However, in the instant case, the County, having no right of control over the Sheriff or his deputies in service of the writ of restitution, is not liable under the doctrine of Respondeat superior for the Sheriff's torts. 77 C.J.S. Respondeat Superior p. 319. In 57 Am. Jur. 2d, Municipal, etc., Tort Liability, Sec. 86 at pp. 97, 98, it is stated:
>
> > '**When duties are imposed** upon a county treasurer, or upon a board of county commissioners **by law rather than by the county, the latter will not be responsible for their breach of duty or for their nonfeasance or misfeasance in relation to such duty.** Furthermore, where the duties delegated to officers elected by public corporations are political or governmental, the relation of principal and *531 **62 agent does not exist and the maxim 'respondeat superior' does not govern.'

*Id*., 18 Ariz. App. 527, 530–31, 504 P.2d 58, 61–62 (1972) (emphasis added)

Thus, according to the holding of *Fridena*, when a duty is imposed on a County officer by law (not by the separation of powers doctrine), the County is not responsible for how the County officer carries out his/her duty. To figure out what *a duty imposed by law* means, we need only to look at the Arizona Constitution and the Arizona state statutes. Arizona counties and officers are a function of state law and their powers are limited to the powers granted to them by state law. Ariz. Const. Art. 12 §§ 3 & 4 state as follows:

> Section 3. There are hereby created in and for each organized county of the state the following officers who shall be elected by the qualified electors thereof: **a sheriff, . . . and at least three supervisors**, . . . each of whom shall be elected and hold

his office for a term of four (4) years. . . .

Section 4. **The duties, powers, and qualifications of such officers shall be as prescribed by law**. . . .

So, county sheriffs and county boards of supervisors are both officers of each county and both were both created by state law. The powers and duties of county board of supervisors are found at A.R.S. § 11-251. The powers and duties of county sheriffs are found at A.R.S. § 11-441. Importantly, three of the powers and duties of each county Sheriff prescribed by this state law are the duty to (1) "Preserve the peace;" (2) "Arrest and take before the nearest magistrate for examination all persons who attempt to commit or who have committed a public offense;" and (3) "Attend all courts, . . . and obey lawful orders and directions issued by the judge."

Accordingly, when the Sheriff's deputies were executing the writ of restitution order in *Fridena* they were not acting as judicial officers but were obeying their lawful duty as prescribed by state law. Likewise, when Sheriffs' deputies make arrests, they are not making those arrests at the direction and control of the Board of Supervisors (as Plaintiffs' argument implies) but are making them pursuant to their lawful duty to preserve the peace and make arrests. Likewise, when the Sheriff is operating the jail pursuant to his imposed duty under A.R.S. §11-441(A)(5), the County is not liable for injuries allegedly caused by the Sheriff's detention officer. *Nevels, infra* at *4.

Case law has already addressed and rejected Plaintiffs' argument that *Fridena* is limited to cases where a county officer is performing a judicial function. In *Hernandez v. Maricopa County*, 138 Ariz. 143, 673 P.2d 341(App. 1983) a citizen was arrested and incarcerated overnight as a result of a clerical error made by a Justice of the Peace clerk

failing to credit him with payment of a speeding ticket. When Plaintiff sued the County for the J.P.'s clerk's error, the Plaintiff argued that the J.P. and his staff are employees of the County. The Court found that the County could not be liable for the clerk's error, in part because of the doctrine of separation of powers. But then the Court added another reason: "***An additional basis*** for holding that the doctrine of respondeat superior is inapplicable to the relationship between a county and a justice of the peace is set forth in *Fridena v. Maricopa County* . . . ." *Id.*, 673 P.2d at 344 (emphasis added). See also *Yamamoto, infra*, involving a lawsuit against Santa Cruz County related to an error by a J.P. clerk and her deputy in issuing a refunded bond to the wrong party. In dismissing the county, the Court said nothing about the dismissal being based on separation of powers. Instead, the Court said: "The only acts alleged in the tort counts were those of the clerk and her deputy, and the justice of the peace. Their duties are imposed by law, not by the County. Having no right of control over either, the county cannot be liable for their torts under the doctrine of respondeat superior." *Yamamoto*, 606 P.2d at 30 (citing *Fridena*).

In summary, analyzing *respondeat superior* liability under *Fridena* is clearly and obviously a matter of looking at the statutory powers and duties of the County officer and determining whether the County officer, or his/her employees, was carrying out a duty imposed by law. If so, then the County is not liable for the alleged negligence of the officer in carrying out that duty. Here, because the Sheriff's deputies were carrying out duties imposed by A.R.S. § 11-441, the Sheriff, not the County, may have *respondeat superior* liability for their actions. Plaintiffs' argument concerning the separation of powers is not a limiting basis but an additional one for finding a county not liable for the actions of an

employee or officer.

**IV.** ***Flanders v. Maricopa County* does not apply to the present lawsuit.**

Plaintiffs' next appear to argue that the cases which hold the County not responsible for the statutorily-imposed duties of the Sheriff (*Fridena*, et al.) and the cases holding that the Sheriff is the final policy maker for Maricopa County (*Flanders v. Maricopa County*, 203 Ariz. 368, 378, 54 P.3d 837, 847 (2002), et al.) need to be reconciled. But the differences are already clear. For purposes of the present case, one clear difference is that *Fridena* applies to state law claims alleging only *respondeat superior* liability against a county and *Flanders* applies to 42 U.S.C. § 1983 *Monnell*-type direct claims against a county.

*Flanders* therefore does not apply to the present case because Plaintiffs' Complaint does not allege that their damages were caused by a county policy, as was already addressed in Defendants' Motion to Dismiss.

**V.   The Maricopa County Sheriff is the proper defendant because Plaintiffs made a state law respondeat superior liability claim and not a § 1983 policy claim.**

Finally, Plaintiffs argue that the County is the proper defendant because the County created and maintains the Maricopa County Self-Insured Risk Trust Fund, which covers all County employees. But determining the proper defendant to sue is not based on who will pay the claim if liability is established. Plaintiff has cited no authority that says otherwise. "The general rule is that, in the absence of a contractual or statutory provision to the contrary, an injured person has no direct cause of action against a tortfeasor's insurance company." *Nationwide Mut. Ins. Co. v. Arizona Health Care Cost Containment Sys.*, 166 Ariz. 514, 517, 803 P.2d 925, 928 (Ct. App. 1990).

Plaintiffs also claim that the Sheriff cannot be substituted because his "official capacity" designation is the county. But Plaintiffs are again confusing state law *respondeat superior* liability with federal § 1983 policymaker liability. For a state law *respondeat superior* wrongful death claim (Count Two), the Sheriff is the proper defendant. *See*, for example, *Ryan v. Napier*, 245 Ariz. 54, 425 P.3d 230 (2018) (state law claim against the Pima County sheriff and his deputy for allegedly using excessive force by releasing a K-9). The Sheriff is only an "official capacity" officer of the County when Plaintiffs make a § 1983 claim that a Sheriff's policy or custom caused their damage, which they did not allege in this case.

## VI.   Conclusion.

Plaintiffs argue that if Defendants are correct about the application of *Fridena*, then Plaintiffs' only recourse is against the Sheriff's deputies personally, who may not have the means to satisfy a judgment. As stated at the opening of this reply, that is a concocted argument because Defendants offered to substitute Sheriff Penzone in place of Maricopa County. Also, Plaintiffs have already pointed out that the Sheriff's deputies are likely covered by the Self-Insured Trust. The issue of whether *Fridena* was correctly decided is therefore improperly before the Court and need not be addressed. There was no reason to force the issue since it should make no fiscal difference to Plaintiffs whether the Defendant is Sheriff Penzone or Maricopa County.

In addition, *Fridena* is the law of Arizona, is clear in its meaning, and there is no convincing evidence that the Supreme Court of Arizona would overturn it. Defendants ask that the Court grant their Motion to Dismiss Maricopa County and substitute Sheriff Paul

Penzone in its place.

**RESPECTFULLY SUBMITTED** this <u>4th</u> day of May 2020.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY:  /s/ *Charles Trullinger*
CHARLES TRULLINGER
SHERLE FLAGGMAN
Deputy County Attorneys
*Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Steven P. Logan
Judge of the United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 521
401 West Washington Street, Spc 82
Phoenix, Arizona 85003-2154

Larry Wulkan
Jennifer L. Allen
Adrianna M. Chavez
Stimpson LLP
1850 N. Central Ave, Suite 2100
Phoenix 85004-4584
larry.wulkan@stinson.com
Jennifer.allen@stinson.com
Adrianna.chavez@stinson.com
*Attorney for Plaintiff Lisa Yearick*

J. Scott Halverson
Law Office of J. Scott Halverson
1761 E. McNair Drive, Suite 103
Tempe 85283-5056
scott@halversonfirm.com
*Attorney for Leigha Huber*

/s/ *D. Shinabarger*

S:\CIVIL\CIV\Matters\CJ\2019\Yearick, Lisa vs MC CJ2019 0156\Pleadings\Word\Dfts Reply in Supp of MTD Maricopa County.docx

11