IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Yearick, <br><br> Plaintiff, <br><br> vs. <br><br> County of Maricopa, et al., <br><br> Defendants. | No. CV-20-00545-PHX-SPL <br><br> **ORDER** |

Currently before the Court is a Motion to Dismiss (the "Motion) filed by Maricopa County ("Defendant").[1] (Doc. 11) For the following reasons, the Motion will be granted in part.

**I.   Background**

This case arises from three Maricopa County Sheriff's Office Deputies (the "Deputies") answering a 9-1-1 call at the home of Lisa Yearick ("Plaintiff") in Mesa, Arizona. (Doc. 8 at 3) Plaintiff reported that her husband (the "Decedent") was suicidal and had a gun. (Doc. 8 at 2) When the Deputies arrived at Plaintiff's home, the Decedent appeared at the front door and began walking towards the Deputies with a gun in his hand. (Doc. 8 at 3) The Deputies shot at the Decedent, striking him in the torso and head. (Doc. 8 at 4) The Decedent was later pronounced dead at the hospital. (Doc. 8 at 4)

---

[1] Robert and Kristy Leatham, Philip and Morcelia Asiedu, and Ryan Kelleher are also defendants in this case. (Doc. 8) They do not assert substantive arguments in the Motion, but they join Maricopa County in bringing the Motion. (Doc. 11)

Plaintiff brought this civil suit on the Decedent's behalf, alleging one claim for federal constitutional violations under 42 U.S.C. § 1983 ("Count I") and one claim for wrongful death under Arizona Revised Statute § 12-611 ("Count II"). (Doc. 8 at 4-5) Plaintiff named as defendants Maricopa County and the Deputies (including two of the Deputies' spouses). (Doc. 8) On March 27, 2020, Defendant filed the Motion, arguing that Plaintiff failed to plead sufficient facts establishing a claim against it under § 1983. (Doc. 11 at 4) In addition, Defendant argues that it cannot be held vicariously liable for the Deputies' actions under Arizona's wrongful death statute. (Doc. 11 at 7)

**II.   Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a dismissal under Rule 12(b)(6) is appropriate when there is the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Under Rule 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**III.   Discussion**

Defendant argues that Plaintiff failed to allege facts stating a claim against it under § 1983 as required by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (Doc. 11 at 4) In addition, Defendant argues that it is an improper party to the state law wrongful death claim because it could not be held vicariously liable for the actions of the Maricopa County Sheriff's Office. (Doc. 11 at 7-8) Defendant asserts that the Maricopa County Sheriff is the proper defendant for the wrongful death claim. (Doc. 11 at 7-8)

As to the § 1983 claim, Plaintiff argues that Defendant is not named in Count I, so Defendant's arguments are inapposite. (Doc. 17 at 2) The Court agrees and will disregard Defendant's arguments regarding Count I.

As to the wrongful death claim, Plaintiff argues that the cases relied upon by

Defendant do not prohibit it from being named as a defendant in Count II. (Doc. 17 at 4) Specifically, Plaintiff asserts that the case *Fridena v. Maricopa County*, 504 P.2d 58, 59 (Ariz. Ct. App. 1972), does not stand for the proposition that a county can never be held vicariously liable for the actions of its sheriff's office. (Doc. 17 at 4-8)

In *Fridena*, the plaintiff sued Maricopa County for tortious conduct arising from the issuance and service of a writ of restitution. *Id*. The court there found that the County had no right to control the Sheriff or his deputies in service of the writ of restitution, so it could not be held liable under the doctrine of respondeat superior. *Id.* Plaintiff maintains that *Fridena* "was unartfully written" and a "poorly-explained application of the separation of powers." (Doc. 17 at 6-7) Plaintiff argues that *Fridena*'s holding is limited to instances where a sheriff's actions are taken as part of their function under the judicial branch of government and not the executive branch. (Doc. 17 at 5) However, Plaintiff ignores subsequent cases from the Arizona Court of Appeals and District of Arizona that rely on *Fridena* in deciding that a county is an improper defendant when claims are made against a sheriff's deputy acting in his or her executive capacity. *See e.g.*, *Dimmig v. Pima Cty.*, No. 2 CA-CV 2009-0060, 2009 WL 3465744, at *1 (Ariz. Ct. App. Oct. 27, 2009) ("[F]ollowing the analysis in *Fridena*, Pima County cannot be liable under the doctrine of respondeat superior for actions in furtherance of the Sheriff's exercise of his statutory powers to preserve the peace and make arrests."); *Kloberdanz v. Arpaio*, No. 2:13-CV-02182-JWS, 2014 WL 309078, at *4 (D. Ariz. Jan. 28, 2014) ("Here, the actions of the deputies were committed in furtherance of the sheriff's exercise of his statutory duties to preserve the peace and make arrests. Thus, . . . based on *Fridena*, the County cannot be liable for their actions under the doctrine of respondeat superior.").

Plaintiff further argues that a reading of Arizona's statutes covering public employees and Arizona's public policy clearly allows for a county to be named as a defendant in a wrongful death action, and this Court should adopt such interpretation and decline to follow *Fridena*. (Doc. 17 at 2-10) Plaintiff makes repeated reference to the case *Donahoe v. Arpaio*, No. CV10-2756-PHX-NVW, 2011 WL 5119008 (D. Ariz. Oct. 28,

2011), where Judge Neil Wake from the District of Arizona called into question the accuracy of the *Fridena* decision. (Doc. 17 at 8-9) Ultimately, the complaint was dismissed on other grounds, and Judge Wake did not examine the decision in *Fridena*. *Id.* at *7.

The Arizona Supreme Court has never addressed the holding in *Fridena*, and this Court declines the invitation by Plaintiff to guess whether the Arizona Supreme Court would overturn *Fridena*. Although Plaintiff cites to comments made by Judge Wake, *Fridena* is still controlling law in Arizona. Plaintiff has failed to provide "convincing evidence" that the Arizona Supreme Court would overturn *Fridena,* and the Court declines to participate in any further speculation. *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 n.1 (9th Cir. 2007) ("The opinions of other federal judges on a question of state law do not constitute 'convincing evidence that the state supreme court would decide [an issue] differently.'") (citing *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)). Accordingly,

**IT IS ORDERED:**

1. That Defendant's Motion to Dismiss (Doc. 11) is **granted in part**;
2. That Plaintiff's Amended Complaint (Doc. 8) is **dismissed without prejudice**;
3. That Plaintiff shall have **fourteen (14) days** from the date of this Order to file an amended complaint substituting the Maricopa County Sheriff for Defendant Maricopa County in Count II.

Dated this 7th day of July, 2020.

Honorable Steven P. Logan
United States District Judge