ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By: CHARLES TRULLINGER (018936)
    SHERLE FLAGGMAN (019079)
    Deputy County Attorneys
    trullinc@mcao.maricopa.gov
    flaggmas@mcao.maricopa.gov

CIVIL SERVICES DIVISION-
225 W Madison
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Yearick, individually, as Personal Representative of the Estate of Edward Rudhman and on behalf of LEIGHA HUBER, statutory beneficiary, | NO. 2:20-cv-00545-PHX-SPL |
| Plaintiff(s), | **ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| Maricopa County Sheriff Paul Penzone, in his Official Capacity; Sergeant Robert Leatham and Kristy Leatham, husband and wife; Sergeant Ryan Kelleher, an unmarried individual; and Deputy Philip Asiedu and Morcelia Asiedu, husband and wife. | |
| Defendants. | |

Defendants Maricopa County Sheriff Paul Penzone, Sergeant Robert Leatham, Kristy Leatham, Sergeant Ryan Kelleher, Deputy Philip Asiedu, and Morcelia Asiedu

1

("Defendants") answer Plaintiff(s)[1] Second Amended Complaint by denying every allegation therein except as otherwise admitted or qualified as follows:

## JURISDICTION AND PARTIES

1. Defendants admit that Plaintiff(s) purport to bring a federal civil rights claim under 42 U.S.C. § 1983 and a pendent state law claim for wrongful death under A.R.S. § 12-611, et seq. Defendants deny the merits of those claims.

2. Defendants admit Paragraph 2.

3. Defendants deny Paragraph 3 for lack of sufficient information.

4. Defendants deny Paragraph 4 for lack of sufficient information.

5. Defendants admit Paragraph 5.

6. Defendants admit that Edward Rudhman was shot during an encounter with deputies on December 16, 2018 and died as a result of those injuries. Defendants deny any wrongdoing from the encounter.

7. Defendants admit that Paul Penzone is currently and was, at the time of the incident, the Maricopa County Sheriff. Defendants admit that Sheriff Penzone may be held vicariously liable for Plaintiff(s)' pendent state law wrongful death claim if a jury finds that the death of Edward Rudhman was caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled Edward Rudhman to maintain an action to recover damages. Defendants deny that Sheriff

---

[1] Although the Second Amended Complaint ("SAC") refers to Plaintiff in the plural, it appears there is only a single Plaintiff, Lisa Yearick, who is filing suit individually for the §1983 excessive force claim and as the Personal Representative of the Estate of Edward Rudhman for the state law wrongful death claim. Leigh Huber appears to be identified as a statutory beneficiary for the wrongful death claim but not a separate Plaintiff. However, because of the SAC's reference to plural Plaintiffs, "Plaintiff(s)" will be used herein to reference either the singular or plural.

Penzone may be held vicariously liable for Plaintiff(s)' 42 U.S.C. § 1983 claim.

8. Defendants deny that the Deputies were agents and/or employees of Maricopa County. Defendants admit that the Deputies were agents and/or employees of the Sheriff's office and admit the Deputies were acting under color of law in the course and scope of their employment with the Sheriff's office on December 16, 2018.

9. Defendants admit that Sergeant Robert Leatham was married on or before December 16, 2018 and was employed in furtherance of his marital community. Defendants deny that Sergeant Robert Kelleher is married. Defendants admit that Philip Asiedu is currently married but deny that he was married on or before December 16, 2018.

**THE FACTS**

10. Defendants admit Paragraph 10.

11. Defendants admit that among many other things, Plaintiff Lisa reported that Edward was suicidal and had a gun.

12. Defendants admit that among many other things, Plaintiff Lisa told the 9-1-1 call taker the things listed in Paragraph 12.

13. Defendants admit that among many other things, Plaintiff Lisa told the 9-1-1 call taker the things listed in Paragraph 13.

14. Defendants deny Paragraph 14 for lack of sufficient information.

15. Defendants admit that according to the 9-1-1 transcription, Plaintiff Lisa told the 9-1-1- call taker that she had closed herself in her bedroom.

16. Defendants admit that among many other things, the 9-1-1 transcription

references the statements attributed to Edward in Paragraph 16.

17. Defendants admit that after the Deputies arrived, they positioned themselves outside of the home, including moving two police vehicles into the driveway for cover. The remainder of Paragraph 17 is denied for lack of sufficient information.

18. Defendants admit that Sergeant Leatham was positioned on the driver's side of the lead police vehicle and that at some point after the Deputies arrived, he stood with his gun pointing toward the house. Defendants affirmatively state that prior to Mr. Rudhman coming into view, Sergeant Leatham was sitting down and making announcements and commands over the vehicle's public-address system.

19. Defendants admit that at some point after the Deputies arrived Deputy Robert Normile stood behind the passenger-side door of the lead police vehicle holding a shotgun that fired beanbag rounds. Defendants deny that the gun was a rifle and deny for lack of information that the police vehicle was Sergeant Leatham's.

20. Defendants admit Paragraph 20.

21. Defendants admit Paragraph 21.

22. Defendants admit that at some point after the Deputies arrived Sergeant Leatham made announcements to Mr. Rudhman over a public-address system, which included a command to come out of the house without the gun. Defendants deny for lack of sufficient information at the present time the exact content and number of announcements.

23. Defendants admit that Mr. Rudhman appeared around a corner and Deputy Normile shouted "front door, front door, front door." Defendants deny for lack of

sufficient information whether Mr. Rudhman had come from the front door of the house.

24. Defendants admit Paragraph 24.

25. Defendants deny Paragraph 25 for lack of sufficient information.

26. Defendants admit Paragraph 26.

27. Defendants admit that Sergeant Leatham told Mr. Rudhman to drop the gun and to stop several times. Defendants deny the exact content of the commands, or number of times given, for lack of sufficient information at the present time.

28. Defendants admit that Mr. Rudhman indicated he was not going to comply with Sergeant Leatham's commands, but deny that he only responded "No."

29. Defendants deny for lack of sufficient information that Mr. Rudhman was "still several lengths away." Defendants admit that at some point Deputy Normile was ready to call out "less-lethal, less-lethal" and fire his shotgun.

30. Defendants admit that the purpose of Deputy Normile's call out of "less-lethal, less-lethal" would have been so the less-lethal discharge would not be confused with lethal gunfire. Defendants deny that the call out was so the other Deputies would not "automatically begin firing their lethal weapons upon hearing the sound of gunfire."

31. Defendants admit that while Deputy Normile was in his thought process and in preparation to act, he heard a couple of shots from his left. Defendants deny the rest and remainder of Paragraph 31 for lack of sufficient information.

32. Defendants admit that Mr. Rudhman appeared to be alive after being shot but deny the rest and remainder of Paragraph 32 for lack of sufficient information.

33. Defendants deny Paragraph 33.

34. Defendants admit that the Deputies did not explicitly warn Mr. Rudhman that he would be shot if he didn't stop and drop the gun but deny the suggestion that such a warning was required or that it would have caused Mr. Rudhman to stop.

## COUNT ONE

**(The Deputies Violated Edward's Rights Under the Fourth Amendment to be Free From the Unreasonable Use of Force and are Liable Pursuant to 42 U.S.C. §1983)**

35. Deputy Defendants reassert their answers to Paragraphs 1-34 as if fully set forth herein.

36. Defendants deny Paragraph 36.

37. Defendants deny Paragraph 37.

## COUNT TWO

**(The Deputies, and Maricopa County, Are Liable for the Wrongful Death of Edward Pursuant to A.R.S. § 12-611)**

38. Defendants reassert their answers to Paragraphs 1-37 as if fully set forth herein.

39. Defendants admit Paragraph 39.

40. Defendants deny Paragraph 40.

41. Defendants deny Paragraph 41.

42. Defendants admit that they were at all times in the course and scope of their employment with the Sheriff's office and admit that the Sheriff can be held liable for the state law wrongful death claim if a jury finds that the death of Edward Rudhman was caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled Edward Rudhman to maintain an action to recover damages. Defendants deny that Sheriff Penzone may be held vicariously liable for

Plaintiff(s)' 42 U.S.C. § 1983 claim.

43. Defendants deny Paragraph 43.

## TIER

44. Defendants admit that this would be a tier 3 discovery case if it had remained in Arizona Superior court.

## JURY TRIAL

45. Defendants admit that Plaintiff(s) have requested a jury trial. Defendants join in that request.

## DEFENSES AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendants assert the following defenses and affirmative defenses.

1. Defendants alleges all affirmative defenses listed in Federal Rule of Civil Procedure 8(c) (and the same or equivalent Arizona rule of civil procedure), as well as any other affirmative defenses that may come to light during discovery, including but not limited to: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter which constitutes an avoidance or affirmative defense.

2. Defendants allege all defenses listed in Federal Rule of Civil Procedure 12(b) (and the same or equivalent Arizona rule of civil procedure), as well as any other defenses that may come to light during discovery, including but not limited to:  lack of subject

matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19.

3. Defendants allege Plaintiff(s) failed to properly plead special matters pursuant to Federal Rule of Civil Procedure 9.

4. The Estate of Edward Rudhman is contributorily or comparatively at fault for any alleged injuries and damages and such fault should bar Plaintiff(s) from any recovery or should reduce Plaintiff(s) alleged damages by its/his percentage of comparative fault.

5. Plaintiff(s) have failed to mitigate her/their damages.

6. Plaintiff(s) have failed to sufficiently allege Constitutional violations against Defendants. Neither Defendants' actions nor inactions violated the federal constitutional rights of Plaintiff(s).

7. Plaintiff(s) cannot demonstrate that any deprivation of constitutional rights occurred as a result of any officially adopted policy, practice or custom and, thus, no officially adopted policy, practice or custom can give rise to liability on the part of Defendant. Further, Plaintiff(s) cannot establish that any policy, practice or custom proximately caused their alleged damages.

8. Defendants are entitled to absolute and/or qualified immunity under Federal and/or State law.

9. Defendants affirmatively allege the defenses under A.R.S. §§ 12-711, 12-12, 12-713, and 12-716.

10. Defendants affirmatively allege the defenses and recovery of attorney fees and costs listed under A.R.S. §§ 13-404, 405, 406, 409, 410, 411, 412, 413, and 420.

11. Plaintiff(s) cannot assert a negligence claim based solely on an officer's intentional use of physical force, such as firing a weapon. See *Ryan v. Napier*, 245 Ariz. 54, 425 P.3d 230 (2018).

12. The personal representative a decedent's estate is the only person with standing to pursue a wrongful death claim. If Plaintiff(s) Second Amended Complaint intends to include Leigha Huber (Edward Rudham's mother) as a Plaintiff, then she should be dismissed as an improper party. *Andrich v. Kostas*, No. CV-19-02212-PHX-DWL, 2020 WL 3574517, at *1 (D. Ariz. July 1, 2020).

13. The actual and/or proximate cause of the subject incident may have been the fault of a person or entity other than Defendants, including but not limited to Edward Rudhman, for causing the need for Plaintiff to call 9-1-1 and for not following the Deputies' commands.  Defendant will supplement this section if/when the identity of other persons or entities becomes known in accordance with the Rules of Civil Procedure.

14. Plaintiff(s) are barred from recovering punitive damages against Defendants for her state law cause of action.

15. Plaintiff(s)' injuries, losses or damages, if any, were not caused or contributed to by any failure of Defendants to comply with the applicable standard of care.

16. Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defense. If it appears that any defense or affirmative defense is or may be applicable after Defendant has had the opportunity to conduct reasonable

discovery in this matter, Defendant will assert such defenses or affirmative defenses in accordance with the Federal Rules of Civil Procedure (and the same or equivalent Arizona rule of civil procedure).

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38, Defendants demand a trial by jury on all issues triable by a jury.

**WHEREFORE**, having fully answered the Complaint, Defendants hereby request the following relief:

1. That this action be dismissed with prejudice as to Defendants, with Plaintiff(s) taking nothing and with Judgment entered in favor of Defendants;

2. That Plaintiff(s) be ordered to pay Defendants' costs and attorney fees; and

3. For such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 22nd day of July, 2020.

                ALLISTER ADEL
                MARICOPA COUNTY ATTORNEY

                BY: /s/ *Charles Trullinger*
                      CHARLES TRULLINGER
                      SHERLE FLAGGMAN
                      Deputy County Attorneys
                      *Attorneys for Defendant Maricopa County*

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Steven P. Logan
Judge of the United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 521
401 West Washington Street, Spc 82
Phoenix, Arizona 85003-2154

Larry Wulkan
Jennifer L. Allen
Adrianna M. Chavez
Stimpson LLP
1850 N. Central Ave, Suite 2100
Phoenix 85004-4584
larry.wulkan@stinson.com
Jennifer.allen@stinson.com
Adrianna.chavez@stinson.com
*Attorney for Plaintiff Lisa Yearick*

J. Scott Halverson
Law Office of J. Scott Halverson
1761 E. McNair Drive, Suite 103
Tempe 85283-5056
scott@halversonfirm.com
*Attorney for Leigha Huber*

*/s/ D. Shinabarger*

S:\CIVIL\CIV\Matters\CJ\2019\Yearick, Lisa vs MC CJ2019 0156\Pleadings\Word\Answer.docx